STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
COUNTY OF DURHAM      SUPERIOR COURT DIVISION
FILE NO. _____

CHARLES HUDGINS,

    Plaintiff,

v.

WEATHERBY LOCUMS, INC.,

    Defendant.

**COMPLAINT**
(Jury Trial Demanded)

**NOW COMES** the Plaintiff, Charles Hudgins, and alleges as follows:

## PRELIMINARY STATEMENT

Charlie Hudgins is a business development professional who worked for Weatherby Locums, Inc. for four years as a Cardiology Sales Leader. Throughout his employment, Mr. Hudgins performed his job at a high level. However, he was discriminatorily placed on a Coaching Plan and a Performance Improvement Plan so that Weatherby could make room for younger, female employees. After Mr. Hudgins successfully completed both the Coaching Plan and the subsequent Performance Improvement Plan, he was terminated nevertheless. This is an action seeking statutory remedies for discrimination under the Age Discrimination in Employment Act and under Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

1. Plaintiff Charles Hudgins is a sixty-one-year-old citizen and resident of Pittsboro, Chatham County, North Carolina. Plaintiff was born in 1961. Defendant employed Plaintiff at its Durham, North Carolina office for a significant portion of his employment and until his termination on September 12, 2019.

2. Defendant Weatherby Locums, Inc. (hereinafter "Weatherby") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Fort Lauderdale, Florida. At all times relevant to this Complaint, Weatherby was an employer of Plaintiff. At all times relevant to this Complaint, Weatherby employed twenty (20) or more employees.

3. This Court possesses personal jurisdiction over the Defendant pursuant to N.C. Gen. Stat. § 1-75.4. The acts and omissions giving rise to the claims herein occurred in North Carolina and Defendant has availed itself of North Carolina law by regularly conducting business in this State. Subject matter jurisdiction is similarly proper.

4. Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-80.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

6. Hudgins began working for Weatherby in July 2015, when he was hired as a Cardiology Sales Leader.

7. Throughout his time at Weatherby, Hudgins was a hard worker, a team player, and conducted himself with professionalism.

8. Hudgins regularly exceeded sales targets, had overall strong sales numbers, and frequently received managerial praise and recognition for his sales performance.

9. Hudgins was selected for Weatherby's President's Club in 2015, 2016, and 2018.

10. However, when Hudgins began reporting to a new Senior Director, Jim Lenweaver, in 2018, his strong performance ceased to yield praise.

11. Instead, Lenweaver began targeting Hudgins with baseless criticisms of his performance.

12. Hudgins was the oldest member of the sales team that Lenweaver managed.

2

13. In 2018, a female employee in her thirties returned to work for Weatherby. Lenweaver referred to this employee as a "rising star."

14. Despite his strong history of performance and his high sales numbers, Lenweaver never described Hudgins as a "rising star."

15. The culture at the Durham Weatherby location emphasized youth—management targeted younger employees to fill open positions, and held events such as push-up competitions in the office.

16. It quickly became apparent that Lenweaver wanted to push Hudgins out to make room for younger and/or female employees.

17. To that end, Lenweaver seized on an anomalous quarter in which Hudgins's sales performance was lower than average as pretext to place Hudgins on a formal coaching plan.

18. Hudgins met or exceeded the criteria of the formal coaching plan.

19. Nevertheless, Lenweaver was determined to manage out Hudgins so he could hire younger and/or female employees and decided to place Hudgins on a performance improvement plan beginning on August 1, 2019.

20. Again, Hudgins met or exceeded the core criteria laid out in the performance improvement plan.

21. Lenweaver, not to be dissuaded from his plan to manage out Hudgins, decided to terminate him despite his successful completion of the performance improvement plan.

22. Notably, at his termination meeting, the Weatherby Human Resources representative present remarked that Hudgins's termination was mishandled given his successful completion of the performance improvement plan.

23. Hudgins was terminated on September 12, 2019.

24. Upon information and belief, similarly performing employees who were younger than Hudgins were not placed on coaching plans or performance improvement plans.

25. Upon information and belief, similarly performing female employees were not placed on coaching plans or performance improvement plans.

26. Based on his termination, on or about January 28, 2020, Hudgins filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of his sex and age.

27. On August 1, 2022, the EEOC sent Hudgins a Notice of Right to Sue ("NRTS"), noting that the EEOC found reasonable cause to believe a violation of the ADEA and/or Title VII occurred.

28. As a result of the discrimination to which Hudgins was subjected he has suffered and continues to suffer emotional distress and significant economic damages.

## FIRST CLAIM FOR RELIEF
### Discrimination in Violation of the Age Discrimination in Employment Act
### 29 U.S.C. § 623(a)

29. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Weatherby employed at least twenty employees at all times relevant to this Complaint.

31. At all times relevant to this Complaint, Plaintiff was an employee of Weatherby within the meaning of the ADEA.

32. At the time of his termination, Plaintiff was over the age of forty.

33. Plaintiff exhausted all available administrative remedies prior to filing this claim.

4

34. Plaintiff was meeting Weatherby's legitimate expectations at the time of his termination, as reflected by his performance metrics and record of success in his role as Cardiology Sales Leader.

35. Weatherby terminated Plaintiff's employment on September 12, 2019.

36. Upon information and belief, Plaintiff was replaced by a substantially younger individual.

37. Weatherby, by and through the acts of Mr. Lenweaver and others, treated Plaintiff differently than similarly situated individuals because of Plaintiff's age.

38. Weatherby had no legitimate non-discriminatory reason to terminate Plaintiff.

39. Plaintiff is entitled to all of his benefits of employment, including, but not limited to back pay, front pay, health insurance, life insurance, retirement benefits, and other benefits.

40. Weatherby willfully and maliciously violated Plaintiff's right to be free from age discrimination in the workplace, entitling Plaintiff to an award of liquidated damages.

41. Plaintiff is entitled to recover reasonable attorney's fees, the costs and expenses of this action, and such interest as may be allowed by law.

42. As a result of Weatherby's conduct, Plaintiff has suffered financial damage in an amount to be determined at trial, but in any case in excess of Twenty-Five Thousand Dollars ($25,000).

## SECOND CLAIM FOR RELIEF

### Violation of Title VII of the Civil Rights Act of 1964

43. Plaintiff hereby incorporates the foregoing paragraphs as if fully set out herein.

44. The actions of Defendant, as set forth herein, constitute discrimination against Plaintiff on the basis of his sex.

45. Defendant intended to, and did, illegally discriminate against the Plaintiff on the basis of his sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

46. Plaintiff exhausted all available administrative remedies prior to filing this claim.

47. Plaintiff is entitled to all of his benefits of employment, including, but not limited to back pay, front pay, health insurance, life insurance, retirement benefits, and other benefits.

48. Plaintiff is entitled to recover compensatory damages as provided by the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

49. Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

50. Plaintiff is entitled to recover reasonable attorney's fees, the costs and expenses of this action, and such interest as may be allowed by law.

51. As a result of Weatherby's conduct, Plaintiff has suffered financial damage in an amount to be determined at trial, but in any case in excess of Twenty-Five Thousand Dollars ($25,000).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court for judgment as follows:

a. That all matters so triable be tried before a jury;

b. That Defendant shall compensate Plaintiff for his compensatory damages of more than Twenty-Five Thousand Dollars ($25,000), in an amount to be determined at trial by the finder of fact;

c. For punitive damages in an amount calculated to punish Defendant and deter similar future conduct;

d. For liquidated damages pursuant to the Age Discrimination in Employment Act;

e. For a judgment finding that Defendant's employment practices described herein are unlawful;

f. Pre- and post-judgment interest as provided by law;

g. The costs of this action;

h.  Plaintiff's attorneys' fees; and

i.  Such other and further relief as the Court may deem just and proper.

This, the 28th day of October, 2022.

Kornbluth Ginsberg Law Group, P.A.
*Attorneys for Plaintiff*

Michael A. Kornbluth
N.C. Bar No. 27928
Email: mkornbluth@kglawnc.com
Joseph E. Hjelt
N.C. Bar No. 53497
Email: jhjelt@kglawnc.com
3400 Croasdaile Drive, Ste. 300
Durham, North Carolina 27705
Telephone: (919) 401-4100
Facsimile: (919) 401-4104